[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this case is whether Connecticut's prejudgment remedy statute is unconstitutional because it does not require the plaintiff to post a bond.
The following is a brief summary of the underlying facts of the case, as set forth in plaintiff's complaint. In 1988, Colortec Graphic Production, Inc. ("Colortec") entered into a lease agreement with Waterside Sono Limited Partnership ("Waterside") to lease Units 2B and 2D, Building 1, Riverside Plaza, 149 Water Street-East, Norwalk, Connecticut ("leased premises") from Waterside. Also, in 1988, David Zwang ("defendant") and Steven Abramson executed a guaranty agreement in which they guaranteed that "if default shall at any time be made by Tenant . . . the Guarantor will pay to the Landlord or its assigns the rent due and any arrears, and all damages." See Guarantor Agreement.
In 1991, plaintiff, Water Street Development Corporation, obtained ownership of the leased premises pursuant to a foreclosure action entitled Water Street Development Corporation v. Waterside Sono Limited Partnership, Docket No. CV90-0110920-S. Later in 1991, Colortec allegedly failed to pay rent due to the plaintiff as the new landlord. Plaintiff alleges that defendant was notified of the breach and has failed to pay, in his role as a guarantor, the outstanding amounts due under the lease. CT Page 6143 See plaintiff's complaint.
On February 5, 1993, the plaintiff filed a complaint with an application for a prejudgment remedy attachment of defendant's property. The prejudgment remedy application seeks an attachment of real property owned by the defendant located at 4 Marion Street, Danbury, Connecticut. A hearing was held on the appropriateness of plaintiff's prejudgment remedy application on March 8, 1993. At the hearing, the defendant maintained that the failure of the Connecticut prejudgment remedy statute to require a bond upon application for attachment rendered the statute unconstitutional. Plaintiff disputed defendant's claim at the hearing. The court asked the parties to submit briefs on the issue, and both parties have complied.
Under Connecticut General Statutes, Sec. 52-278 et seq., a plaintiff may seek a prejudgment remedy attachment of the defendant's property without being required to post a bond. Recently, in Ambroise v. Raveis Real Estate, Inc., et al.,8 CSCR 222 (March 1, 1993, Dean, J.), the court held that without a bond requirement, the aforementioned statute was unconstitutional under both state and federal due process standards. Id.[1] The seminal case involving the constitutionality of Connecticut's prejudgment remedy procedures is Connecticut v. Doehr, 501 U.S. ___,115 L.Ed. 1, 111 S.Ct. 2105 (1991). In Doehr, the Supreme Court held that:
 [T]he Connecticut [prejudgment remedy statute] provision before us, by failing to provide a preattachment hearing without at least requiring a showing of some exigent circumstance, clearly falls short of the demands of due process.
Id. However, a majority of the Doehr court did not reach the issue, relevant to the case at hand, of whether Connecticut's prejudgment remedy statute is unconstitutional because it does not require the plaintiff to post a bond. Id. The defendant urges this court to follow the reasoning of a plurality of the Supreme Court, who did find that the lack of the bond requirement was unconstitutional. For the reasons set forth below, the court declines this invitation.
In Shaumyan v. O'Neill, 795 F. Sup. 528 (D. Conn. 1992) CT Page 6144 ("Shaumyan II"), the United States District Court for the District of Connecticut re-addressed a debtor's challenge to the constitutionality of Connecticut's prejudgment attachment statute. In an earlier pre-Doehr opinion, Shaumyan v. O'Neill, 716 F. Sup. 65 (D. Conn. 1989) ("Shaumyan I"), the District Court had upheld the constitutionality of the prejudgment statute, exclusive of the bond requirement. Explaining its reasoning, the court in Shaumyan I held:
 Viewing the prejudgment remedy scheme `as a whole,' . . the court concludes that the procedural safeguards available under and in conjunction with section 52-278e minimize the risk of an erroneous deprivation of a debtor's property rights.
Shaumyan v. O'Neill, supra, 81. Listing the procedural safeguards available to the debtor, the Shaumyan I court stated:
 Connecticut General Statutes provides for the recovery of [double and triple] damages for groundless or vexatious suits. . . . [Furthermore,] [t]he Connecticut prejudgment remedy scheme has two additional safeguards worth mentioning. [First,] [s]ection 52-278e requires that after an ex parte prejudgment remedy is granted, the plaintiff must include in the process served on the defendant notice about certain rights available to the defendant. . . . [See 52-278e(b).] [Second,] either a debtor or a creditor can obtain prompt appellate review of an unfavorable decision at a dissolution hearing.
Id. The rights the court was referring to under section52-278e include: "(1) THE RIGHT TO A HEARING TO OBJECT TO THE PREJUDGMENT REMEDY FOR LACK OF PROBABLE CAUSE . . . ; (2) THE RIGHT TO A HEARING TO REQUEST THAT THE PREJUDGMENT REMEDY BE MODIFIED . . . ; AND (3) THE RIGHT TO A HEARING AS TO ANY PORTION OF THE PROPERTY ATTACHED. . . ." Section 52-278e(b).
Later, in the post-Doehr opinion, the district court in Shaumyan II explained its sole purpose for reconsidering the question of whether the prejudgment remedy statute is constitutional without a bond requirement. CT Page 6145
Throughout its analysis in Shaumyan I, the court considered many, if not all, of the authorities plaintiffs insisted were virtually unanimous on the bond issue and, notwithstanding those sources, found the lack of a bond requirement insufficient to render the statute defective. In this reconsideration of its position on the bond, therefore, the court confines its inquiry to whether Pinsky (898 F.2d 852
(2nd Cir. 1990)) and Doehr, by themselves, require a change in the court's position on the lack of a bond provision. Shaumyan v. O'Neill, supra, 533-34.
Responding to its own inquiry, the court found that "[a]fter careful reconsideration of . . . [the bond] issue in light of Pinsky and Doehr, the court concludes that no . . . change is warranted." Id. Stating the obvious, the Shaumyan court held that:
 In Doehr, a plurality of four justices, three of whom currently sit on the Court [and soon to be two in light of Justice White's impending retirement], found the Statute's lack of a bond provision to be constitutionally problematic. . . . [Accordingly], Doehr is insufficient to persuade this court to reverse itself on the bond issue.
Id. The Shaumyan II court was careful to limit the scope of its decision holding that, "the court's belief that the Statute is constitutional as applied in Shaumyan I is limited exclusively to the facts of this case and its application to a breach of contract action involving an attachment of real property. . . ." Id. The court surmised that "Pinsky and Doehr simply do not address . . . the constitutionality of the Statute as applied to the underlying breach of contract "claim in Shaumyan I and, thus, do not warrant a reversal of that ruling." Id.[2]
Recently, defendant's appeal of Shaumyan II was heard by the Second Circuit, Court of Appeals. See Shaumyan v. O'Neill, 987 F.2d 122 (2nd Cir. 1993). Once again, the defendant challenged the lower court's finding that the lack of the bond requirement in Connecticut's prejudgment remedy statute did not render it unconstitutional. Affirming the district court decision, the Court of Appeals stated that the failure of section 52-278e(a)(1) to require the plaintiff to post a security bond does not violate the Due Process Clause CT Page 6146 of the Fourteenth Amendment. Id., 129. Explaining a protection that is available to the defendant, the court stated that the defendants may still utilize Connecticut's vexatious litigation statute to protect their interests in the absence of a security bond. Id., 128.
Finally, in affirming the judgment of the district court in all respects, id., 129, the Court of Appeals stated that its decision was limited exclusively to the facts of the case and its application to a breach of contract action involving an attachment of real property. The case at hand is on point with Shaumyan. The case involves a breach of contract (guaranty agreement) action involving an attachment of real property. Furthermore, the constitutionality of the bond issue has been considered and reconsidered by the federal courts, and the decision remains the same — the prejudgment remedy statute is constitutional, even without a bond requirement.
Turning now to state court decisions, two Connecticut Supreme Court cases are instructive not only as to the standard Connecticut should use in determining the constitutionality of a statute in general, but also as to the scope and meaning of the Doehr decision. See Calfee v. Usman, 224 Conn. 29, 616 A.2d 250 (1992); Union Trust Co. v. Heggelund, 219 Conn. 620, 594 A.2d 464 (1991). In Calfee, the court, addressing the three well established principles that govern constitutional challenges to validly enacted statutes, held that:
 Because a statute carries with it a strong presumption of constitutionality, a challenger must establish its unconstitutionality beyond a reasonable doubt. [Citations omitted.] In the absence of weighty countervailing circumstances, it is improvident for the court to invalidate a statute on its face. [Citations omitted.] In construing a statute, the court must search for an effective and constitutional construction that reasonably accords with the legislature's intent.
(Citations omitted.) Id., 33. Applying the standard above, the Calfee court found that "we are persuaded that the provisions for a prejudgment remedy in Secs. 52-278 and52-278d are not unconstitutionally vague on their face Id. CT Page 6147 Further, the court held that "if the defendant is afforded the opportunity in an adversarial hearing, to contest the validity of the claims made by the plaintiff in support of its application for a prejudgment remedy, a prejudgment attachment may constitutionally be issued without a showing of exigent circumstances." Id., 33-34.
It is clear that even though the court in Calfee did not address the issue faced in this case, whether failing to require the plaintiff to post a bond is a constitutional violation, the court did provide a detailed explanation of the scope of the Doehr opinion. In Calfee the defendant tried to assert that, among other things, the Doehr decision had directly addressed and resolved the issue of vagueness of the probable cause directives in Secs. 52-278c and 52-278d in his favor. Calfee v. Usman, supra, 34. However, the Calfee court, refuting defendant's assertion, found that "[Doehr] did not deal with the validity of a prejudgment remedy under Secs. 52-278c or 52-278d." Id. Instead, the court found that "[t]he statute that the [Doehr] court found to be constitutionally defective was General Statutes . . . Sec. 52-278 (e)(1), which authorizes the prejudgment attachment of real property `without affording prior notice or the opportunity for a prior hearing to the individual whose property is subject to the attachment.'" Id., 34-35, citing Connecticut v. Doehr, supra, 2109. Explaining the limited scope of Doehr opinion, the Calfee court stated:
 The [Doehr] court's decision relied on other prejudgment cases in which due process violations had been found in statutes authorizing the ex parte impairment of property rights. [Citations omitted.] The court's opinion repeatedly emphasized the ex parte nature of the proceedings before it.
(Emphasis added.) Id. The Calfee court surmised that "therefore, [the Doehr court's decision] does not determine the constitutionality of a prejudgment remedy to be issued after an adversarial hearing in accordance with Sec. 52-278." (Emphasis added.) Id., 35. Here, plaintiff was afforded the opportunity to plead its case at a hearing. Therefore, consistent with Calfee, the Doehr decision has no applicability to the case at hand. CT Page 6148
Another Connecticut Supreme Court case, Union Trust Co. v. Heggelund, supra, considered the issue of whether "the entire amount of a judgment lien relates back to the date of a prior attachment, or whether the relation back is limited to the amount of the attachment." Id., 622. Addressing the applicability of the Doehr decision, the Heggelund court found that:
 [Doehr] . . . in which an ex parte attachment pursuant to the Connecticut statute in a tort action was held to violate due process, has no direct bearing on this controversy. The record does not indicate whether the attachments involved here were ex parte. If they were not, Doehr would not apply. Even if the attachments were ex parte, this is not a tort suit, but a suit on a debt, and disputes between debtors and creditors more readily lend themselves to accurate ex parte assessments of the merits.'
(Citation omitted.) Id., 624 n. 3. Again, it is noted that the Supreme Court of Connecticut has expressly limited the scope of the Doehr decision to situations involving ex parte attachments in tort actions. Accordingly, because the case at hand involves neither an ex parte attachment or an underlying tort action, Doehr and the reasoning behind the decision are inapplicable.
In conclusion, it is noted that at the present time there is no appellate authority at either the federal or state level that has held that the lack of a bond requirement in Connecticut's prejudgment remedy statute is a constitutional violation. It is undisputed that an attachment on real property can significantly affect the property interest so attached. However, it is found that existing procedural safeguards discussed above are in place that make the bond requirement unnecessary. Further, the Ambroise decision attempts to extend the reach of the Doehr case into an area which the majority of the court clearly did not want to venture. Accordingly, it is found that the court should follow the reasoning of the authorities above, and find that the absence of a bond requirement does not make Connecticut's prejudgment remedy statute unconstitutional.
McGrath, J. CT Page 6149
END NOTES